IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

NATHANIEL HATCHER,

    Petitioner,

v.                              CIVIL ACTION NO.: CV205-150

JOSE VAZQUEZ, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Nathaniel Hatcher ("Hatcher"), an inmate currently incarcerated at the Federal Satellite Low Camp in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. For the reasons which follow, Hatcher's petition should be **DENIED**.

## STATEMENT OF THE CASE

Hatcher was convicted in the Middle District of Florida after he pleaded guilty to conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846. Hatcher received a ten (10) year sentence. (Resp't's Ex. 1, p. 2.)

In the instant petition, Hatcher contends that the Bureau of Prisons ("BOP") has improperly classified him based on inaccurate information contained in his Pre-Sentence Investigation Report. Hatcher asserts that his classification is "serious" based on this inaccurate information. Hatcher alleges that this improper classification status violates his due process rights.

AO 72A
(Rev. 8/82)

Respondent contends that Hatcher has not shown how a change in his classification scoring, even if such were warranted, would result in an earlier release from custody; therefore, Respondent asserts, Hatcher has not established a basis for habeas relief. Respondent also asserts that there is no liberty interest in prisoner classification decisions. Respondent avers that the BOP's classification of Hatcher properly reflects the three (3) points for his base scoring category identified as prior commitment history.

## DISCUSSION AND CITATION TO AUTHORITY

The Director of the Bureau of Prisons ("BOP"), under the direction of the Attorney General of the United States, "shall have charge of the management and regulation of all Federal penal and correctional institutions." 18 U.S.C. § 4042(a)(1). The Director of the BOP is authorized to provide for the classification of inmates within these facilities. 28 C.F.R. § 0.96(o); Cohen v. United States, 151 F.3d 1338, 1343 (11th Cir. 1998). Pursuant to this authority, the BOP has promulgated Program Statement 5100.07, which pertains to an inmate's custody classification. According to this statement, "[c]ustody classification is a procedure whereby inmates are assigned levels according to their criminal histories and institutional behavior/adjustment." Program Statement 5100.07, Ch. 8, p. 1.

In the instant case, Hatcher's prior commitment history consists of a jury's finding of guilt on three (3) felony counts of battery, in violation of Fla. Stat. § 784.05. (Mem. Att., p. 18.) According to the BOP "Offense Severity Scale", battery[1] is considered an offense either of the "greatest severity" or "moderate severity" category. Program Statement

---

[1] Battery is not listed on the Offense Severity Scale. "Offenses not listed shall be assigned a severity category according to the most comparable listed offense." Program Statement 5100.07, Appx. B., p. 5. Assault is the most comparable listed offense.

2

5100.07, Appx. B., pp. 1 and 3. Prior offenses in either of these categories are considered "serious" in terms of scoring inmates and result in the inmate being assigned three (3) points. Program Statement 5100.07, Ch. 8, pp. 5-6. Hatcher has been assigned three (3) points, which appears to be a correct assessment of his prior commitment history. Accordingly, Hatcher's contentions to the contrary are unavailing.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Hatcher's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241 (Doc. No. 1), be **DENIED**.

**SO REPORTED AND RECOMMENDED**, this 12th day of December, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)